IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP L. NEAR, )
)
        Plaintiff, )
)
v. ) Case No. 09-2233-JWL
)
FRANK CRIVELLO; TITAN GLOBAL )
HOLDINGS, INC.; DAVID MARKS; )
BRYAN CHANCE; GREYSTONE )
BUSINESS CREDIT, LLC; and )
GOLDBERG KOHN LTD., )
)
        Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion (Doc. # 68) by defendant Goldberg Kohn Ltd. ("Goldberg Kohn") for reconsideration of the Court's Memorandum and Order of November 25, 2009 (Doc. # 63), by which the Court denied Goldberg Kohn's motion to dismiss for lack of personal jurisdiction. The Court **denies** the motion for reconsideration.

The Court applies the following standards to the motion for reconsideration:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Goldberg Kohn argues that the Court, in its prior order, misapprehended the facts, the law, and Goldberg Kohn's position. Specifically, Goldberg Kohn argues that it did not have minimum contacts with the State of Kansas that gave rise to plaintiff's claims against it, and that the Court should modify its prior order to so conclude.[1] Goldberg Kohn merely reargues its prior position, however, and it has not shown that the Court erred in finding minimum contacts here.

In considering Goldberg Kohn's original motion to dismiss, the Court painstakingly reviewed plaintiff's allegations, the evidence submitted by Goldberg Kohn, and the affidavit submitted by plaintiff, and the Court compared and considered those statements in light of the applicable standard. In its order, the Court first addressed the jurisdictional challenge by defendant Greystone Business Credit, LLC ("Greystone"), for whom Goldberg Kohn served as attorneys. The Court listed several contacts by Greystone and Goldberg Kohn, based on the uncontroverted allegations of the complaint and facts properly submitted by plaintiff through the affidavit, that support jurisdiction over Greystone. *See* Memorandum and Order of Nov. 25, 2009, at 6-8. The Court then

---

[1] In its motion for reconsideration and supporting brief, Goldberg Kohn requested dismissal of the claims against it. As plaintiff pointed out in its response, however, Goldberg Kohn did not address the Court's conclusion that jurisdiction could also be based on the other defendants' contacts with Kansas, imputed to Goldberg Kohn through plaintiff's conspiracy claim. In its reply brief, Goldberg Kohn has conceded that it does not seek reconsideration of the Court's conspiracy ruling, and thus does not seek dismissal, but instead merely asks the Court to reconsider its ruling that Goldberg Kohn itself had sufficient contacts with Kansas to support jurisdiction.

2

rejected Greystone's arguments that its conduct was not purposefully directed at Kansas and that plaintiff's claims did not arise out of those contacts. *See id.* at 8-9. Finally, the Court concluded that the same contacts and analysis supported jurisdiction over Goldberg Kohn. *See id.* at 13-14.

Goldberg Kohn first argues that plaintiff's affiant did not distinguish between Greystone and Goldberg Kohn in alleging various forms of contact with Kansas, and that the Court therefore "mistakenly lumped" the two defendants together in conducting the minimum contacts analysis. For instance, the affiant stated that the two parties requested and received documents from Kansas and made frequent inquiries to plaintiff's company in Kansas, but the affiant did not distinguish between the two parties, for instance by identifying which documents each requested or to whom each made inquiries. The Court rejects this argument. The affiant clearly stated that both parties requested documents and made inquiries; he need not have used a separate sentence for each party to show that it made requests and inquiries and received documents. The lack of specificity urged by Goldberg Kohn does not make the affidavit impermissibly vague concerning these contacts.

The Court also rejects Goldberg Kohn's argument that the affidavit submitted by plaintiff was not based on personal knowledge. Goldberg Kohn points particularly to the affiant's statement that it was aware of the terms of the purchase agreement, and it argues that the affiant did not demonstrate that he could have personal knowledge of what Goldberg Kohn knew. The affiant stated, however, that he had personal knowledge

3

of the facts and that Goldberg Kohn monitored the transaction and was closely involved with the negotiations; based on that close involvement, the affiant could certainly have had knowledge that Goldberg Kohn was aware of the terms.

Goldberg Kohn also complains about a couple of "demonstrably false" allegations in plaintiff's complaint, but as Goldberg Kohn concedes, the Court did not rely on those allegations in its order. Moreover, Goldberg Kohn has not established that those allegations are false, but instead has merely controverted those allegations with its own evidence. At any rate, Goldberg Kohn has not discredited the affidavit to the point that none of its statements should be considered.

The Court again rejects Goldberg Kohn's argument that the contacts are not sufficient to permit personal jurisdiction. Goldberg Kohn strenuously argues that it did not engage in any activities *in Kansas*; as the Court explained in its prior order, however, Goldberg Kohn did direct activities and contacts to Kansas, including through its communications into Kansas and its close involvement with the purchase of a Kansas company. Goldberg Kohn has not shown that the Court erred in concluding that Goldberg Kohn's contacts with Kansas were not merely random or fortuitous or unilaterally created by others.

Finally, Goldberg Kohn contends that plaintiff's claims against it did not arise out of the contacts with Kansas, based on the same arguments that it raised in its original motion to dismiss. The majority of this section of Goldberg Kohn's brief, however, consists of its arguing the merits of plaintiff's conversion claim. Although the Court

4

addressed this specific argument in its prior order, *see id.* at 8-9, 14, Goldberg Kohn has not mentioned that analysis or explained how the Court's reasoning was flawed. Accordingly, the Court rejects this basis for reconsideration as well.

In summary, Goldberg Kohn improperly asserts the same arguments that it made in its unsuccessful motion to dismiss. Goldberg Kohn has not shown that the Court clearly erred or that manifest injustice resulted from the Court's prior ruling. Therefore, the Court denies the motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Goldberg Kohn Ltd.'s motion for reconsideration (Doc. # 68) is **denied**.

IT IS SO ORDERED.

Dated this 3rd day of March, 2010, in Kansas City, Kansas.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge